## Commonwealth v. Sheared

*Gordon Zubrod, Assistant District Attorney,* for Commonwealth.

*Robert Moore, Public Defender,* for defendant.

WESNER, *J.,* July 12, 1978—Petitioner Ulysses Sheared has petitioned for a writ of habeas corpus,

alleging a violation of the Interstate Agreement on Detainers Act of September 8, 1959, P.L. 829, sec. 1, 19 P.S. §1431. Petitioner was an inmate in the Federal penitentiary at Lewisburg, Pennsylvania when on April 12, 1978, he signed an agreement on detainers and request for final disposition pursuant to the above act. Under the agreement petitioner requested that a final disposition be made of several counts of conspiracy pending against him in this county. The office of the district attorney received notice of this, and received notice of a detainer pending against petitioner by Philadelphia County for several offenses.

Pursuant to this agreement, petitioner was transferred into the custody of officers of this Commonwealth and transported to Philadelphia County on May 5, 1978, where he stood trial for those charges pending against him there. After trial in Philadelphia County, he was transported back to the Federal penitentiary and returned to the custody of the Federal officials. Officials of this county have now obtained custody of petitioner from the Federal officials for purposes of bringing defendant to trial for the charges pending against him in this county. Petitioner alleges this to be a violation of the above act.

The act provides at Article III(d) that a request for final disposition made by a prisoner "shall operate as a request for final disposition of all untried indictments, informations or complaints on the basis of which detainers have been lodged against the prisoner from the state to whose prosecuting official the request for final disposition is specifically directed. The warden . . . or other official having custody of the prisoner shall forthwith notify all appropriate prosecuting officers and courts in the several jurisdictions within the state to which the

prisoner's request for final disposition is being sent. . . . If trial is not had on any indictment, information or complaint contemplated hereby prior to the return of the prisoner to the original place of imprisonment, such indictment, information or complaint shall not be of any further force or effect, and the court shall enter an order dismissing the same with prejudice." 19 P.S. §1431.

For whatever reason, the authorities in Philadelphia chose to return petitioner before allowing authorities in this county to bring defendant to trial. Thus, having returned him to the original place of imprisonment, they have compelled this court to enter an order dismissing the charges which are outstanding in this jurisdiction.

This court notes that the act itself mandates that the counties within this Commonwealth cooperate in implementing this agreement: 19 P.S. §1433. It also provides that a state shall coordinate the implementation of this agreement: 19 P.S. §1431, Article VII, and specifically provides that the Commissioner of the Bureau of Corrections fulfill this function: 19 P.S. §1437. This has not occurred in the immediate matter. The appalling action of the Philadelphia authorities in overlooking or plainly disregarding the request of the authorities in this jurisdiction has resulted in a situation where this court has no choice but to grant the within petition and dismiss the within charges.

In light of this disposition, the separate outstanding petition of petitioner with regard to Pa.R.Crim.P. 1100 need not be considered.

## ORDER

And now, July 12, 1978, the prayer of the petition for writ of habeas corpus is hereby granted. Furthermore, pursuant to section 1341 of the Interstate

Agreement on Detainers Act, supra, 19 P.S. §1431, it is hereby ordered and decreed that the charges pursuant to Nos. 78063601, 78063701, 78063801, 78063901 and 78064001 be dismissed with prejudice.